PEOPLE, PLAINTIFF AND APPELLEE, *v.* MOLINA, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Mayagüez in a Prosecution for Rape.

No. 1476.—Decided March 9, 1920.

EVIDENCE—PRIVILEGE OF DEFENDANT—INSTRUCTIONS TO JURY.—When the court in instructing the jury says that no evidence has been introduced by the defense, it would be the better practice for the court to instruct the jury at the same time that the fact that the defendant availed himself of his

privilege not to testify should not be regarded as an incriminating circumstance, the burden being upon the prosecution to establish his guilt beyond a reasonable doubt without regard to such omission.

ID.—CORROBORATION—RAPE.—On a trial for rape, or any of the other crimes to which section 250 of the Code of Criminal Procedure refers, the jury should be specifically instructed that the defendant can not be convicted on the testimony of the alleged victim unless her testimony is corroborated.

The facts are stated in the opinion.

*Mr. F. Otero* for the appellant.

*Mr. J. E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Section 250 of the Code of Criminal Procedure provides that on a trial for rape and certain other crimes the defendant cannot be convicted upon the testimony of the woman unless her testimony is corroborated by other evidence.

In the instant case the court charged the jury as follows:

"Gentlemen of the Jury: This is a case where no evidence has been introduced by the defense and it is your duty to consider the evidence for the prosecution and decide whether or not it is sufficient to convince you of the guilt of the defendant beyond a reasonable doubt.

"The testimony of one witness who is worthy of entire belief is sufficient proof of any act except perjury or treason. In this case the testimony of a single witness as to any material fact is sufficient proof of such fact if that witness deserves entire credit; that is, if you believe that his statements are true, and provided that his testimony *is corroborated by other proof.*"

The *fiscal* of this court very properly recommends a reversal.

At the close of the testimony for the prosecution, counsel for the defense announced that he had no evidence save the statement of the defendant, which would not be offered.

In the circumstances it would have been the better practice for the court to tell the jury in connection with the reference made to the absence of any evidence for the defense that it was the privilege of the defendant not to take the stand and that his failure to testify should not be regarded

as an incriminating circumstance, the burden being upon the prosecution to establish his guilt beyond a reasonable doubt without regard to such omission.

Inadvertent neglect to charge on this point, however, in the absence of any suggestion by the defense in the court below or other indication in the record of possible prejudice, would hardly be ground for reversal.

But we are constrained to agree with the *fiscal* that the failure to give a more specific instruction as to the necessity for corroboration of the testimony given by the alleged victim is too serious a matter to be overlooked.

The judgment appealed from must be reversed and the case remanded for further proceedings.

*Reversed and remanded.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.